■ ELIZABETH CARDINALE, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45668.) — GABRIELLI, J. The State appeals from a judgment of the Court of Claims awarding claimant $20,000 for the taking of two parcels designated as Tract 1 consisting of 0.752 acre and Tract 2 consisting of 2.068 acres. While the claimant has cross-appealed from the judgment on the ground of inadequacy, she has abandoned this claim and asks that the award be affirmed. Tract 1 had a frontage of 200 feet on Route 23 and 199 feet of frontage on Allen Street, while Tract 2 had usable frontage of 46 feet on Allen Street and such additional "frontage" it had was separated from Allen Street by a creek. This latter tract was also subject to two power and gas line easements. The record contains the usual dispute between the experts as to the highest and best use and consequently the value attributable to the properties. The claimant's expert testified that the highest and best use for Tract 1 prior to the taking was "for commercial development" and had a "potential for a gas station site", while the State's expert testified that it had "some commercial potential" and that its highest and best use was "limited commercial". The trial court found that this tract's highest and best use was for commercial purposes as testified to by claimant's expert; and the factual issues regarding the bases for comparable sales and the condition of the appropriated property along with other properties used as a foundation for values, were, upon the record, matters for the court's evaluation and its determinations in these regards are supported by the record. An examination of the record substantiates the court's finding of damages of $15,000 for the taking of this tract, which was well within the range of the testimony as to the value thereof. As to Tract 2, the claimant's expert stated that its highest and best use was for a potential trailer park and the State's expert testified that its best use was for low-grade residential construction valuing it as such at $569. This was the only evidence in the case as to the value thereof as a low-grade residential construction site, and the court while finding its highest and best use as such a residential site, found a value therefor which is not supported by the evidence. Judgment modified, on the law and the facts, so as to reduce the award to $15,569 and interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.